FILED

1   MICHAEL P. DACQUISTO, ESQ.
State Bar Number 84894
2   1901 Court Street
Redding, California 96001
3
Telephone:  (530) 244-6007
4   Fax:        (530) 244-0907
5   Attorney for JOHN W. REGER,
Chapter 7 Trustee
6
7

07 JUN 28  PM 3: 20

CLERK, U.S. BANKRUPTCY COURT
EASTERN DIST. OF CA.
SACRAMENTO, CA.

8                  UNITED STATES BANKRUPTCY COURT
9                  EASTERN DISTRICT OF CALIFORNIA
10
11  In re:                              Case No. 04-21865-B-7
12  JOE D. EITZEN, BRENDA JOYCE
    EITZEN,
13
14  _____ Debtors _____/
15  JOHN W. REGER                       Adversary Case No. 06-2143-B
16              Plaintiff,              FINDINGS OF FACT AND
17                                      CONCLUSIONS OF LAW
            vs.
18
    JOSEPH D. EITZEN, BRENDA
19  JOYCE EITZEN, aka BRENDA K.
    EITZEN, THE GUARDIAN ANGEL
20  FOUNDATION, JOE AND
    BRENDA ENTERPRISES, LLC,
21  BLUE OAKS LIMITED, J & B
    LEASING, LLC, RUBY LEEPER,
22  CLAUDIA KILLIAN, LOURDES
    GARIBAY, HENRY C. HUBBARD,
23  KRISHNA REDDY, INDRA
24  REDDY
25
    _____ Defendants _____/
26
27      By civil minute order filed and entered on June 11, 2007 this court granted the
28  trustee's motion and approved a compromise of this adversary action. As part of that

RECEIVED
June 27, 2007
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000813094





1  motion the following findings of fact and conclusions of law to be made in this adversary
2  proceeding were stipulated between the trustee/plaintiff, John Reger and the defendants
3  Joseph D. Eitzen, Brenda Joyce Eitzen, aka Brenda K. Eitzen, The Guardian Angel
4  Foundation, Krishna Reddy and Indra Reddy.

5      Based on the settlement agreement of the parties and good cause appearing, this
6  court makes and approves the following findings of fact and conclusions of law.

7      **Findings of Fact**

8      A.    On February 25, 2004 the debtors, Joseph D. Eitzen (hereafter "Joseph
9  Eitzen") and Brenda Joyce Eitzen, also known as Brenda K. Eitzen, (hereafter "Brenda
10 Eitzen") filed a petition under chapter 7 of the bankruptcy code. They are married to
11 each other.

12     B.    On February 25, 2004 John Reger was appointed the chapter 7 trustee in
13 the bankruptcy case of Joseph Eitzen and Brenda Eitzen.

14     C.    Prior to filing the bankruptcy petition Joseph Eitzen and Brenda Eitzen
15 owned an undivided 50% interest in real property described as motel type property
16 located at 8320 Highway 99E, Los Molinos, California 96055 (hereafter "Motel"). The
17 Motel consists of two parcels of real property bearing Tehama County APN 78-120-73
18 and 78-120-74.

19     D.    At all times relevant to this proceeding Krishna Reddy and Indra Reddy
20 (hereafter "Reddy defendants") who are married to each other owned an undivided 50%
21 tenancy in common interest in the Motel.

22     E.    On April 8, 2002, Joseph Eitzen and Brenda Eitzen transferred their
23 interest in the Motel to the Guardian Angel Foundation (hereafter "GAF"). This was done
24 by a grant deed recorded on April 9, 2002 in the office of the Tehama County Recorder
25 as document #005974 in Book 2137 at Page 001 (hereafter "Transfer"). The face of this
26 deed stated no documentary tax was owed because it was a "Gift Deed". Joseph Eitzen
27 told the title company that prepared this deed to put the words "Gift Deed" on it.

28     F.    As of April 8, 2002 Joseph Eitzen and Brenda Eitzen were named

1   defendants in a lawsuit brought against them by Betty Sheasgreen in San Diego County

2   Superior Court, case number GIC 752388 (hereafter "Sheasgreen lawsuit").

3        G.    A jury trial was held in the Sheasgreen lawsuit on April 18, 22, 23, 24, 25,

4   30, May 1, May 2 and 3, 2002. On May 24, 2002, after a jury verdict was returned in

5   favor of Betty Sheasgreen, a judgment in the sum of $515,000.00 was entered in favor of

6   Betty Sheasgreen and against Joseph Eitzen and Brenda Eitzen in the Sheasgreen

7   lawsuit.

8        H.    The claim against Joseph Eitzen and Brenda Eitzen, alleged in the

9   Sheasgreen lawsuit had been pending for several years before the judgment was

10  entered. Its value had always been in the hundreds of thousands of dollars.

11       I.    GAF is a charitable trust. It was established in 1999. Joseph Eitzen and

12  Brenda Eitzen were the original trustees of GAF. From the date it was established to the

13  present date GAF has been owned, operated and controlled by Joseph Eitzen and

14  Brenda Eitzen. Joseph Eitzen and Brenda Eitzen are the only people who have ever had

15  control over GAF.

16       J.    GAF has not transferred its interest in the Motel to any person or entity

17  from April 8, 2002 to the present date.

18       K.    There was no consideration for the Transfer.

19       L.    At the time of the Transfer Joseph Eitzen and Brenda Eitzen did not owe

20  any money to GAF.

21       M.    At the time of the Transfer GAF did not owe any money to Joseph Eitzen or

22  Brenda Eitzen.

23       N.    Joseph Eitzen and Brenda Eitzen did not receive anything from GAF in

24  return for the Transfer.

25       O.    At the time of the Transfer Joseph Eitzen's opinion of the value of the

26  undivided 50% interest in the Motel being transferred to GAF was $250,000.00.

27       P.    At the time of the Transfer the Motel was substantially all of the property

28  owned by Joseph Eitzen and Brenda Eitzen.

Q.    At the time of the Transfer Joseph Eitzen and Brenda Eitzen lived on the Motel. They have resided there continuously through the present date.

R.    Partition in kind of the Motel between plaintiff and the Reddy defendants is impracticable.

S.    Sale of the estate's undivided interest in the Motel would realize significantly less for the estate than sale of the Motel free and clear of the interest of the Reddy defendants.

T.    The benefit to the estate of a sale of the Motel free of the interests of the Reddy defendants outweighs the detriment, if any, to the Reddy defendants.

U.    The Motel is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**Conclusions of Law**

1.    With respect to California Civil Code §3439(a) the Transfer of the Motel by Joseph Eitzen and Brenda Eitzen to GAF was done with the actual intent to hinder delay or defraud a creditor of Joseph Eitzen and/or Brenda Eitzen.

2.    With respect to California Civil Code §3439(b) the Transfer of the Motel by Joseph Eitzen and Brenda Eitzen to GAF was made without receiving a reasonably equivalent value in exchange for the Transfer. Joseph Eitzen and Brenda Eitzen were insolvent at the time of the Transfer of the Motel to GAF and/or became insolvent as a result of the Transfer of the Motel to GAF.

Date:    JUN 2 8 2007

Thomas C. Holman

THE HONORABLE THOMAS C. HOLMAN
UNITED STATES BANKRUPTCY COURT